Eukfin, J.
 

 The demurrer is to the whole bill, and consequently it must be over-ruled, if the plaintiff is entitled to any relief. It is clear that she is. Against Sikes, it is the common bill of a ward, calling a guardian to account. It is the same with respect to Truitt, with the addition that it supposes him to rely on a discharge founded on a settlement between him and Sikes as the subsequent guardian, and impeaches that settlement and discharge, upon the ground, that Sikes was insolvent, and that payment was made to him in his own debts, which he owed to Truitt on their private dealings, upon an arrangement between them, with a view to save Trujtt from loss, and throw it on the plaintiff. The bad faith of such a transaction, would certainly leave Truitt still liable for the debt he owed his ward. Each of these is a sufficient ground to sustain the bill against those defendants. The bill states as another ground for relief: a supposed legal defect in the first guardian bond, and it was against that position alone, the argument for the defendant was directed. For the reasons already given, that point need not be considered, since the demurrer is necessarily over-ruled, as being too broad. But the Court thinks it would be improper to leave it in doubt; for, however the law was, before the case of
 
 Armistead
 
 v.
 
 Bozman,
 
 1 Ired. Eq. 117, the principle was there settled that a defect in a guardian bond, arising from the mistake, or ignorance of the clerk, will be aided in this Court, as against the sureties. However much opinions may have differed at the time, on that position, and I own I was among those who were not satisfied with it, the certainty of the lawj as depending
 
 *364
 
 upon judicial decisions, is of too much importance to allow its authority to be questioned at this day.
 

 There is no error in the decretal order of the Court of Equity, and it must stand.
 

 Per Curiam, Order helow affirmed.